UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SMART-TD LOCAL 161, a labor organization,<br><br>                          Plaintiff,<br><br>  v.<br><br>WEDRIVEU, INC., a California corporation; and ASURE SOFTWARE, INC., a Delaware Corporation,<br><br>                          Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff SMART-TD Local 161, by and through its attorneys of record, and for its complaint against WeDriveU, Inc. (WeDriveU), and Asure Software, Inc. (Asure Software), hereby states and alleges as follows:

### INTRODUCTION

1.1     Plaintiff SMART-TD Local 161 (Local 161, Union) is the collective bargaining representative, pursuant to 29 U.S.C. § 159, of drivers formerly employed by the Defendant. Local 161 brings this complaint for violations of the Consolidated Omnibus Reconciliation Act (COBRA). 29 U.S.C. § 1161 et seq.

1.2     As the employer of Local 161's members and administrator of WeDriveU's employee health benefits plan, respectively, Defendants WeDriveU and Asure Software violated

COMPLAINT - 1

7852-000-di01kv01e5

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

COBRA by failing to provide the required Election Notice to WeDriveU's employees within 44 days of the occurrence of a qualifying event: here, their permanent layoff on May 15, 2020. 29 U.S.C. §§ 1166(a)(2); 1166(a)(4)(A); 1166(c).

1.3     Consequently, Local 161's members and the beneficiaries of WeDriveU's health plan received no offer of continuation coverage and were thus denied their right to 60 days' time to choose whether to elect continuation coverage under COBRA. 29 U.S.C. §§ 1161(a); 29 1163(2); 1165(a). They have since incurred significant out-of-pocket expenses for services, treatments, and medications that would have been covered by their health benefits had they had an opportunity to pursue continuation coverage.

## THE PARTIES

1.4     Plaintiff SMART-TD Local 161 is a labor organization headquartered in Seattle, Washington. It is the collective bargaining representative under 29 U.S.C. §§ 152(4), 159 for all drivers formerly employed by WeDriveU to perform work under the Company's contracts with the Boeing Company (Boeing) in Renton and Everett, Washington. As such, it is also the drivers' representative under COBRA and may sue on their behalf. *See* 29 U.S.C. §1132(a); 29 U.S.C. § 1132(a); *Hawaii Teamsters and Allied Workers, Local 996, IBT v. City Exp., Inc.*, 751 F.Supp. 1426, 1429-30 (D. Hawai'I 1990) (citing *Fentron Industries v. Nat'l Shopmen Pension* Fund, 674 F.2d 1300, 1304 (9th Cir. 1982)).

1.5     Defendant WeDriveU is a privately-held corporation incorporated and headquartered in California. It maintains operations in Texas, Massachusetts, Illinois, California, New York, Pennsylvania, Maryland, Oregon, and Washington. At all relevant times, WeDriveU maintained business operations in Renton, Washington, and Everett, Washington.

1.6     Defendant Asure Software is a privately-held corporation incorporated in Delaware and headquartered in Austin, Texas. It maintains support offices throughout the United States, including a field office in Bellevue, Washington.

COMPLAINT - 2

7852-000-di01kv01e5

## JURISDICTION AND VENUE

2.1   This Court has jurisdiction over the subject matter of this suit regardless of the parties' citizenship or the amount in controversy pursuant to 29 U.S.C. §§ 1132(e)(2) and 1132(f), because WeDriveU's employee benefits plan was administered in this judicial district. Regardless, jurisdiction is also appropriate under 28 U.S.C. §§ 1331 and 1332 because the amount in controversy exceeds the sum of value of $75,000, exclusive of interests and costs; the action is between citizens of different states; and Local 161's claims arise under federal law. *See* 29 U.S.C. § 1161 et seq.

2.2   Venue is proper in this Court under 28 U.S.C. § 1391(b) because this Court is located in the judicial district where a substantial part of the events or omissions giving rise to Local 161's claims have occurred, are now occurring, and will occur in the future, and because each party is a resident of the State in which the district is located. *See* 28 U.S.C. § 1391(c)(2).

## FACTUAL BACKGROUND

3.1   Defendant WeDriveU is a transportation company specializing in employee shuttles for corporate, university, and hospital customers. *See* https://www.wedriveu.com/. Until recently, the Company provided employee shuttle services at Boeing's plants in Renton, Washington and Everett, Washington.

3.2   Defendant Asure Software provides businesses, including Defendant WeDriveU, with human resources, tools and services, both by offering subscriptions to human resource software programs and maintaining a staff of professionals who serve as an outside human resources department for businesses who choose not to maintain a department in-house. Asure Software's services include COBRA administration, which it performs on WeDriveU's behalf.

3.3   Plaintiff Local 161 represents employee shuttle drivers formerly employed by WeDriveU to provide shuttle transportation services at Boeing's Renton and Everett plants as their exclusive collective bargaining representative.

COMPLAINT - 3

7852-000-di01kv01e5

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132  **LAVITT LLP**

3.4     WeDriveU's contract with Boeing to provide employee shuttle services for its Everett and Renton plants went into effect on March 1, 2019, and nominally expired on February 29, 2024. However, the contract expressly permitted Boeing to terminate the contract for convenience in whole or in part without any notice to WeDriveU, and required that WeDriveU immediately stop all work under the contract upon receiving notice of Boeing's contract termination. This provision rendered the contract termination date in 2024 effectively meaningless.

3.5     On May 4, 2020, a Boeing representative emailed WeDriveU Chief Executive Office and President Erik VanWagenen to notify him that Boeing would terminate its contract with WeDriveU after completion of WeDriveU's second shift of services on May 15, 2020, and that Boeing would not pay WeDriveU for any services performed or expenses incurred after Saturday, May 16, 2020.

3.6     On May 5, 2020, WeDriveU Human Resources Manager Nasim Keynejad emailed employees, copying Vice President of Employee and Labor Relations Chris Rolletta, to notify employees of the contract termination. That email noted that, if employees "carry benefits through WeDriveU, those same benefits will automatically continue through the end of May," and that "[a]n option to continue benefits [would] be communicated at the end of [May]."

3.7     WeDriveU ceased operations at Boeing's Renton and Everett plants after its second shift on May 15, 2020, and laid off all Local 161 members it employed.

3.8     On May 18, 2020, Ms. Keynejad and Mr. Rolletta emailed Local 161's members again, reiterating their promise that employees who "carry benefits through WeDriveU" would see those benefits "automatically continue through the end of May." The email added that Asure Software would mail information about continuation coverage under COBRA within 7 to 10 business days.

3.9     To date, only one Local 161 member – Mary Delacruz – has received the required Election Notice of their eligibility for continuation coverage, nor has any beneficiary of the members' health benefit plans.

COMPLAINT - 4

7852-000-di01kv01e5

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

3.10  Consequently, members have seen their health benefits abruptly terminated and been forced to incur medical expenses out-of-pocket without the benefit of insurance. Further, many members' health insurance terminated before the end of May, despite the Company's promise that coverage would continue through the end of that month.

3.11  For example, Driver Glenda Lynch is a Local 161 member who worked for WeDriveU from November 2019 through March 25, 2020, when she was placed on standby status until she received notice of the permanent layoff on May 5, 2020. However, her health insurance was terminated before the end of May, and by May 28, 2020, she has paid over $400 in out-of-pocket expenses for medical treatment. By mid-June, the cost of bloodwork that was already in-process before her insurance was terminated had added over $600 to the total. Her Health Savings Account (HSA) card, which provided her access to an account into which she had been depositing a portion of her paycheck as part of her WeDriveU-provided health insurance, no longer functioned as of May 28, 2020, despite her having at least $1,074 in the account. She has received no information regarding how to continue insurance coverage.

3.12  Driver Clark Meadows was also placed on standby layoff status in March 2020. He has not worked since, and his health benefits expired at the end of April 2020. He has since incurred out-of-pocket medical expenses. Mr. Meadows has not received any information regarding continuation of coverage to date.

3.13  Driver Lynne Engstrom's last day of work before she was placed on standby layoff status at WeDriveU was March 25, 2020. Though Ms. Engstrom's health benefits had expired before the end of May, she has not received any information from WeDriveU regarding continuation of her health benefits. Since her coverage was terminated, she has incurred thousands of dollars in out-of-pocket medical expenses.

3.14  Driver Donna Woods was also placed on standby layoff status in March, 2020. Like Ms. Engstrom, Ms. Woods' health coverage was terminated before the end of May, but she has not received any information about continuation of her health benefits.

COMPLAINT - 5

7852-000-di01kv01e5

18 WEST MERCER ST., STE. 400  
SEATTLE, WASHINGTON 98119  
TEL 800.238.4231 | FAX 206.378.4132

BARNARD  
IGLITZIN &  
LAVITT LLP

3.15 WeDriveU driver Didi Sarceda was put on standby layoff status on March 25, 2020, and her health coverage was terminated before the end of May. At no point has she received any information about continuation of her health benefits.

3.16 Driver Susan Stoops was also placed on temporary standby status with her coworkers in late March and temporarily laid off in early April. Despite WeDriveU's promise that her health insurance would continue through the end of May, Ms. Stoops' health coverage terminated in mid-April. To date, she has received no communication from WeDriveU regarding health coverage continuation. She has accumulated over $1,500 in out-of-pocket medical expenses since her insurance coverage ended.

3.17 Unlike her coworkers, Driver Chrissie Higgs was permitted to work on a limited basis through early April. However, in early May she discovered her health insurance had been canceled when she was unable to refill her monthly prescription at her pharmacy, despite the fact that she had never been placed on standby status. Like her coworkers, she received official notice of the layoff on May 5, 2020. By the time she sought to refill her prescription again in late May, her insurance had been canceled. She has received no communication from WeDriveU regarding health coverage continuation.

### FIRST CAUSE OF ACTION

4.1 Local 161 re-alleges and incorporates by reference the allegations set forth previously in this Complaint as if fully restated here.

4.2 At all relevant times, Defendant WeDriveU has been an employer under COBRA and the Employee Retirement Income Security Program (ERISA), 29 U.S.C. §1002(5).

4.3 Local 161's members were employees of Defendant WeDriveU under COBRA and ERISA, 29 U.S.C. § 1002(6), until their layoff on May 15, 2020.

4.4 As employees who were eligible or who could become eligible to receive a benefit from an employee benefit plan covering employees of Defendant WeDriveU, Local 161's members were participants under COBRA and ERISA. 29 U.S.C. § 1002(7).

COMPLAINT - 6

7852-000-di01kv01e5

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

4.5     Some Local 161 members also designated beneficiaries of their employee benefit plans who were or would become entitled to benefits thereunder. 29 U.S.C. § 1002(8).

4.6     All Local 161 members employed by Defendant WeDriveU and their plan beneficiaries experienced a qualifying event under 29 U.S.C. § 1163(2) when Local 161's members experienced a termination of employment other than by reason of employee misconduct.

4.7     As an employer and plan sponsor, Defendant WeDriveU failed to provide the required notice to its plan administrator within 30 days of the occurrence of a qualifying event: here, its employees' layoff on May 15, 2020. 29 U.S.C. §1166(a)(2).

4.8     To date, all but one Local 161 member and all plan beneficiaries have received no notification of their rights under COBRA. 29 U.S.C. §§ 1166(a)(4); 1166(a)(2); 1166(c).

### SECOND CAUSE OF ACTION

5.1     Local 161 re-alleges and incorporates by reference the allegations set forth previously in this Complaint as if fully restated here.

5.2     At all relevant times, Defendant Asure Software has been a plan administrator under COBRA and ERISA, 29 U.S.C. §1002(16)(A)(i).

5.3     Local 161's members were employees of Defendant WeDriveU under COBRA and ERISA, 29 U.S.C. § 1002(6), until their layoff on May 15, 2020.

5.4     As employees who were eligible or who could become eligible to receive a benefit from an employee benefit plan covering employees of Defendant WeDriveU, Local 161's members were participants under COBRA and ERISA. 29 U.S.C. § 1002(7).

5.5     Some Local 161 members also designated beneficiaries of their employee benefit plans who were or would become entitled to benefits thereunder. 29 U.S.C. § 1002(8).

5.6     All Local 161 members employed by Defendant WeDriveU and their plan beneficiaries experienced a qualifying event under 29 U.S.C. § 1163(2) when Local 161's

COMPLAINT - 7

7852-000-di01kv01e5

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119     **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

members experienced a termination of employment other than by reason of employee misconduct.

5.7   As a plan administrator, Defendant Asure Software failed to provide the required Election Notice to WeDriveU's former employees and other plan beneficiaries within 44 days of the occurrence of a qualifying event: their permanent layoff on May 15, 2020. 29 U.S.C. § 1166(a)(4)(A); 29 U.S.C. § 1166(c).

5.8   To date, all but one Local 161 member and all plan beneficiaries have received no notification from Defendant Asure Software of their rights under COBRA. 29 U.S.C. § 1166(a)(4); 29 U.S.C. § 1166(a)(2); 29 U.S.C. § 1166(c).

## RELIEF REQUESTED

THEREFORE, on behalf of its members pursuant to 29 U.S.C. §§ 1132(a)(1) and 1132(a)(3)(B), Plaintiff Local 161 respectfully requests that the Court:

1. Award compensatory damages for the cost of expenses incurred by Local 161 members and beneficiaries as a result of Defendants' failure to provide timely Election Notice, pursuant to 29 U.S.C. §§ 1132(a)(1) and 1132(a)(3)(B);

2. Award $100 per day to each plan participant and beneficiary from the date of Defendant Asure Software's failure to provide timely Election Notice, pursuant to 29 U.S.C. §§ 1132(a)(1), 1132(a)(3)(B), and 1132(c)(1);

3. Award reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g)(1); and

4. Award all other relief the Court deems just and proper.

DATED this 1st day of September, 2020.

s/Dmitri Iglitzin
Dmitri Iglitzin, WSBA No. 17673
s/Kelly Ann Skahan
Kelly Ann Skahan, WSBA No. 54210
BARNARD IGLITZIN & LAVITT LLP
18 W Mercer St, Suite 400
Seattle, WA 98119

COMPLAINT - 8

7852-000-di01kv01e5

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

(206) 257-6003
(206) 257-6038
iglitzin@workerlaw.com
skahan@workerlaw.com

*Attorneys for SMART-TD Local 161*

COMPLAINT - 9

7852-000-di01kv01e5

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP