HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SMART-TD LOCAL 161, a labor organization,<br><br>                            Plaintiff,<br>      v.<br><br>WEDRIVEU, INC., a California corporation; and ASURE SOFTWARE, INC., a Delaware corporation,<br><br>                            Defendants. | CASE NO.: 20-01312 RAJ<br><br>ORDER |

This matter comes before the Court on Defendant Asure Software, Inc.'s ("Asure") motion to dismiss. Dkt. # 9. Defendant WeDriveU, Inc. ("WeDriveU") filed a notice of joinder to Asure's motion. Dkt. # 11. Having considered the parties' briefing, the record, and the applicable law, the Court the Court **GRANTS** the motion.

## I.   BACKGROUND

Plaintiff SMART-TD Local 161 ("Plaintiff" or "Union") is a labor union representing drivers formerly employed by Defendant WeDriveU. Dkt. # 1 at 1. Plaintiff filed this claim against WeDriveU and its employee health benefits plan administrator, Asure, (collectively "Defendants") for violations of the Consolidated Omnibus Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 et seq. *Id.* at 1-2. Plaintiff alleges that

ORDER – 1

1  Defendants failed to provide the former employees with Election Notice within the
2  required time frame of 44 days of a qualifying event. *Id.* This failure to provide notice
3  denied the former employees their right to choose whether to continue coverage under
4  COBRA within 60 days and resulted in "significant out-of-pocket expenses for services,
5  treatments, and medications that would have been covered by their health benefits had
6  they had an opportunity to pursue continuation coverage." *Id.* at 2.
7      Defendants now move to dismiss the complaint pursuant to Rule 12(b)(6) without
8  leave to amend, alleging that Plaintiff lacks standing to bring this action. Dkt. # 9.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim. The court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Twombly*, 550 U.S. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

In the pending motion, Defendants argue that Plaintiff—a union—lacks standing to bring claims under the Employee Retirement Income Security Act ("ERISA"). Plaintiff disagrees and argues that the Court should deny the motion on several grounds. First, Plaintiff argues that dismissal is procedurally improper "because it would require a weighing of facts before discovery has taken place." Dkt. # 14 at 2. Second, Plaintiff asserts that it has standing because its members are plan participants and it is in the best

ORDER – 2

interest of judicial economy to proceed in this manner. *Id.* Third, Plaintiff claims it has Article III associational standing because its members have standing individually and no individual member's participation would be necessary to establish the Union's claim. *Id.* And finally, should the Court find that Plaintiff does not have standing, Plaintiff claims the Court should grant leave to amend because the Union's members have suffered harm and should be permitted to pursue remedies under ERISA. *Id.* The Court will consider each parties' arguments in turn.

**A. Procedural Argument**

Plaintiff first argues dismissal is inappropriate here because Plaintiff's participant status under ERISA "speaks to the merits of the claim, not this Court's jurisdiction" and "it would require a weighing of facts before discovery has taken place." Dkt. # 14 at 2. As such, this issue could only be addressed in a motion for summary judgment, not a motion to dismiss. Plaintiff argues that "[s]o long as a plaintiff has a colorable claim under ERISA, the Ninth Circuit does not permit district courts to grant a motion to dismiss based exclusively on a plaintiff's plan participant status because that status is an element of the claim, not a jurisdictional prerequisite." *Id.* at 3. Plaintiff relies on *Leeson v. Transamerica Disability Income Plan* for the proposition that "participant status is an element of an ERISA claim, not a jurisdictional limitation." 671 F.3d 969, 979 (9th Cir. 2012).

Plaintiff's reliance on this case, however, is misplaced. Under § 1132(a), an ERISA claim may be brought by an ERISA plan participant, beneficiary, fiduciary, or the Secretary of Labor. 29 U.S.C. § 1132(a)(2). In *Leeson*, the question before the Court was whether the plaintiff qualified as a "plan participant" under § 1132. *Id.* at 978. The plaintiff alleged that he was, in fact, a participant in the defendant's long-term disability plan. *Id.* at 974. The defendant contended that he did not satisfy the statutory definition of a "participant." *Id.* The Court explained that "[b]ecause [the plaintiff's] ERISA claim rises and falls on the district court's determination of participant status, the construction

ORDER – 3

of the term 'participant' involves a merits-based determination, even if it results in a dismissal." *Id.* To establish federal court subject matter jurisdiction, the plaintiff needed only to assert a colorable claim that he was a plan participant. *Id.* at 979. The plaintiff did so, and the Court concluded that he had established subject matter jurisdiction. *Id.*

Here, there is no allegation that Plaintiff is a "participant"—nor any other category of potential claimant explicitly identified in § 1132(a). The question before this Court is not participant status, but whether Plaintiff—a labor union—may bring a claim even though it *does not* fall within the list of potential claimants provided in the statute. This matter is therefore clearly distinguishable from *Leeson* because there is no colorable claim that Plaintiff is a plan participant with standing to sue. Because *Leeson* does not apply here, the court may consider the motion to dismiss based on a lack of statutory standing. *See DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc.*, 852 F.3d 868, 873 (9th Cir. 2017) (holding that "[t]he question whether Congress has granted a private right of action to a particular plaintiff is *not* a jurisdictional requirement"); *see also Vaughn v. Bay Env't Mgmt., Inc.*, 567 F.3d 1021, 1022 (9th Cir. 2009) (holding that "a dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim rather than a dismissal for lack of subject matter jurisdiction").

**B. Standing Based on Case Law & Judicial Economy**

Defendants contend that Plaintiff lacks standing to bring this action because no one except ERISA plan participants, beneficiaries, fiduciaries, and the Secretary of Labor is statutorily authorized to bring a civil action under ERISA in federal court. Dkt. # 9 at 2 (citing 29 U.S.C. § 1132(a)). Because a union is not included in the list of parties authorized to bring suit under ERISA, Defendants argue, it has no standing to do so. *Id.*

In response, Plaintiff argues that a union has standing to bring an ERISA claim on behalf of its members based on a 1990 district court decision, *Hawaii Teamsters & Allied Workers, Loc. 996, IBT v. City Exp., Inc.,* 751 F. Supp. 1426, 1430 (D. Haw. 1990). Dkt. # 14, 4-6. In *Hawaii Teamsters*, the court held that a labor union had standing because it

ORDER – 4

acted as the bargaining unit representative for the plan participants.  *Id.*  The court relied on two Ninth Circuit cases which held that the potential claimants who could bring an ERISA action were not restricted to those listed in § 1132(a).  *See Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Murdock*, 861 F.2d 1406, 1410 n.6 (9th Cir. 1988) (holding that § 1132(a) "does not provide an exhaustive list of eligible plaintiffs"); *Fentron Indus., Inc. v. Nat'l Shopmen Pension Fund*, 674 F.2d 1300, 1305 (9th Cir. 1982) (holding that "[t]here is nothing in the legislative history to suggest either that the list of parties empowered to sue under this section is exclusive").  Instead, Plaintiff argues, despite not falling within one of the categories listed in § 1132(a), it may still have standing if it satisfies a three-part test set forth in *Fentron.*  674 F.2d at 1304.

      A review of the case law, however, shows that this precedent is no longer controlling.  After the Ninth Circuit's decision in *Fentron*, the Supreme Court clarified the narrow scope of § 1132 accordingly: "ERISA carefully enumerates the parties entitled to seek relief under § 502; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action for a declaratory judgment on the issues in this case."  *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27 (1983).  The Supreme Court has described ERISA as a "carefully crafted and detailed enforcement scheme," *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 254 (1993), and "a comprehensive legislative including an integrated system of procedures for enforcement," *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985).

      The Ninth Circuit subsequently acknowledged that its reasoning issue in *Fentron* was no longer controlling as it "has twice been repudiated by the Supreme Court."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992) (citing 46 U.S. at 27 and *Russell*, 473 U.S. 134 (1985).  Later Ninth Circuit case law illuminated the Court's altered interpretation of the potential claimants permitted under § 1132.  *See McBride v. PLM Int'l, Inc.*, 179 F.3d 737, 742 (9th Cir. 1999) (holding that "[t]he list of

ORDER – 5

potential claimants in section 1132 is exclusive"); *Cripps*, 980 F.2d at 1265 (holding that "[n]o one except plan participants, beneficiaries, fiduciaries, and the Secretary of Labor is expressly authorized by § 1132(a) to bring claims in federal court"). Because Plaintiff, as a union, does not fall within one of the four exclusive categories of potential claimants set forth in the statute, Plaintiff lacks standing and is not plausibly entitled to relief under the statute.

Based on this conclusion, Plaintiff's argument for standing based on judicial economy is unavailing. Indeed, the Court cannot—even for the sake of judicial economy—bestow a plaintiff with statutory standing where none exists.

### C. Article III Associational Standing

Plaintiff argues that even if the Court finds that it lacks statutory standing as a plan participant under ERISA, the Court should still allow Plaintiff's claim to proceed because Plaintiff has Article III associational standing. Dkt. # 14 at 9. The Court disagrees. First, because Plaintiff does not fall within the exclusive categories of potential claimants listed in § 1132, it is statutorily barred from pursuing such claims. Second, Plaintiff cannot satisfy the requirements for associational standing.

The Supreme Court held that an association has standing to bring suit on behalf of its members when "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). Here, the request for relief includes compensatory damages for the cost of expenses incurred by union members and beneficiaries. Dkt. # 1 at 8. Thus, the relief requested requires the participation of individual members in the lawsuit, precluding satisfaction of the third prong. Plaintiff, therefore, cannot establish associational standing.

### IV.   CONCLUSION

ORDER – 6

Having concluded that Plaintiff lacks standing to file a civil action under 29 U.S.C. § 1132(a), the Court finds that amendment would be futile. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003) (holding that dismissal was required where the sole named plaintiff never had standing to pose a challenge a particular defendant); *see also Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (dismissal without leave to amend is proper where "it is absolutely clear that no amendment can cure the defect"). Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss the Complaint without leave to amend. Dkt. # 9. Plaintiff's claims as to all Defendants are hereby **DISMISSED WITH PREJUDICE**.

DATED this 12th day of August, 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 7